IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NEVILLE MCGARITY,

    Petitioner,

v.

DAN SPROUL,

    Respondent.

Case No. 3:21-CV-00370-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Neville McGarity, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) to challenge his conviction in *United States v. McGarity*, Case No. 3:08-cr-00022-LC-EMT-6 (N.D. Fla.). Pending before the Court are several *pro se* motions for *in forma pauperis* status, appointment of counsel, service of process at government expense, copies of trial records, and an evidentiary hearing (Doc. 2-6). The Court must additionally conduct preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. For the reasons set forth below, the Court denies the petition and dismisses it with prejudice.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On January 14, 2009, Neville McGarity was convicted at trial on eleven counts relating to his involvement in a child exploitation enterprise. *McGarity*, 08-cr-00022-LC-EMT-6 at Doc. 478. McGarity was sentenced on April 14, 2009, to a term of life imprisonment, supervised release for a term of life, and a special assessment of $600. *Id.* at Doc. 592, 611. McGarity appealed his conviction to the Eleventh Circuit, which vacated his convictions for

obstruction of justice and conspiracy, yet this did not change his sentence of life imprisonment on the remaining counts. *Id.* at Doc. 903, 919. McGarity attempted to appeal to the Supreme Court, which denied certiorari. *Id.* at Doc. 929. McGarity then filed a petition under 28 U.S.C. § 2255, which was terminated in 2016. *McGarity v. United States*, 3:13-cv-00536-LC-EMT (N.D. Fla.). McGarity filed the instant petition on April 8, 2021 (Doc. 1).

In his petition, McGarity attempts to challenge his original conviction, arguing that his participation in the criminal enterprise could not be proven as no encryption key was found on his person, that the court in the Northern District of Florida lacked jurisdiction over him, a citizen of Texas, and that evidence was collected illegally by Australian law enforcement and passed on federal authorities.

## LEGAL STANDARD

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his

2

detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport* and its progeny, the Seventh Circuit has enunciated a three-part test for determining whether § 2255 is inadequate or ineffective, thus triggering the savings clause:

(1) the federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);

(2) the statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and

(3) a failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Thus, "there must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123,

3

1136 (7th Cir. 2015).

## ANALYSIS

Here, McGarity seeks to challenge his conviction under § 2241, and the savings clause does not apply because none of McGarity's claims are based on a retroactive decision of statutory interpretation that he could not previously have brought up on appeal or in his § 2255 petition. Accordingly, these claims must be dismissed pursuant to the Court's Rule 4 preliminary review. The Court finds as moot McGarity's pending motions regarding IFP status and counsel and dismisses his petition with prejudice.

## CONCLUSION

McGarity's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

If McGarity wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues McGarity plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If McGarity does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be

extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for McGarity to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  June 30, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**