IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NEVILLE MCGARITY,

    Petitioner,

v.

DAN SPROUL,

    Respondent.

Case No. 3:21-CV-00370-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Reconsideration filed by Petitioner Neville McGarity (Doc. 11). McGarity, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) to challenge his conviction in *United States v. McGarity*, Case No. 3:08-cr-00022-LC-EMT-6 (N.D. Fla.). The Court denied the Petition and dismissed this case with prejudice on July 1, 2021 (Doc. 9). McGarity now moves for reconsideration of the Court's Order. For the reasons set forth below, the Court denies the motion for reconsideration.

After his 2009 conviction in the Northern District of Florida, Neville McGarity was sentenced to a term of life imprisonment, supervised release for a term of life, and a special assessment of $600. *McGarity*, 08-cr-00022-LC-EMT-6 at Docs. 478, 592, 611. McGarity appealed his conviction to the Eleventh Circuit, and two of the six counts of his conviction were vacated, but the length of his sentence was unaffected. *Id.* at Docs. 903, 919. McGarity then attempted to appeal to the United States Supreme Court, which denied certiorari. *Id.* at Doc. 929. Next, McGarity filed a petition under 28 U.S.C. § 2255 which was terminated in

2016. *McGarity v. United States*, 3:13-cv-00536-LC-EMT (N.D. Fla.). McGarity filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 with this Court on April 8, 2021 (Doc. 1). In his Petition, McGarity attempted to challenge his original conviction on several grounds.

The Court dismissed his Petition because McGarity sought to challenge to his conviction, and the savings clause of § 2255 did not apply to any of his claims, as none were based on a retroactive decision of statutory interpretation that he could not previously have brought up on appeal or in his § 2255 petition.

While the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, the Seventh Circuit has permitted district courts to construe such motions as having been filed pursuant to Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United Staes v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).

Rule 59(e) allows a court to alter or amend a judgment to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht*, 517 F.3d at 494. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). Rule 60(b) sets forth a more exacting standard than Rule 59(e), although it permits relief from a judgment for many reasons, including mistake or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy that is only granted in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). To summarize, "[a] motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Battle v. Smoot*, 2018 WL 2604855, at *2 (S.D. Il. June 4, 2018).

Under the requirements of either Rule 59(e) or 60(b), McGarity's motion fails. McGarity argues that the "savings clause" in 28 U.S.C. § 2255(e) is unconstitutional and that the circuit split regarding the statute's requirements is concerning. He also asserts that *In Re Davenport*, a Seventh Circuit case cited in the Court's order of dismissal (Doc. 9), contradicts § 2241(c)(3) because a violation of the Constitution should qualify as a "miscarriage of justice" per the statute. McGarity also raises several arguments against his original conviction including lack of jurisdiction, lack of evidence, lack of due process, and actual innocence (all of which he raised in his original Petition).

None of the arguments raised by McGarity convince the Court there was a misunderstanding, error, a change of law, or newly discovered facts that warrant reconsideration. McGarity attempts to rehash previously rejected arguments from his Petition and prior appeals. Moreover, McGarity offers no cognizable argument as to why the Court's original order dismissing his Petition is errant or why the savings clause in § 2255(e) should apply to his claims. The Court remains persuaded that its dismissal of the Petition was correct. As such, McGarity's Motion for Reconsideration (Doc. 11) is **DENIED.**

If McGarity wishes to appeal the dismissal, he may file a notice of appeal with the Court within sixty (60) days of the entry of this order. Fed. R. App. P. 4(a)(1)(B) and 4(a)(4)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues McGarity plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If McGarity does choose to appeal and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).

**IT IS SO ORDERED.**

**DATED:  January 14, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**